

UNITED STATES COURT OF APPEALS
DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| APPELLEE, ) | |
| ) | APP. NO. 10-3088 |
| V. ) | |
| ) | CR. NO. 1:08-CR-271-RCL-1 |
| EDDIE RAY KAHN ) | |
| ) | |
| _____ ) | |
| ) | |
| Eddie Ray: Kahn ) | |
| ) | |
| Third Party Detainee ) | |

## REPLY BRIEF AND MOTION TO VACATE JUDGMENT

COMES NOW Eddie Ray: Kahn, Third Party Detainee, injured and aggrieved party, appearing personally pursuant to **Section 35** of the **Judiciary Act of 1789**, and moves this Court pursuant to **Rule 8** of the F.R.Civ.P. for immediate relief, namely to vacate the judgment handed down in Case No. 08-CR-271, and for grounds, states as follows:

1. On September 17, 2012, Eddie Ray: Kahn, injured party, filed an "Appeal Brief" with this Court.

2. That this filing is incorporated by reference.

3. On April 7, 2013, Mark S. Determan, an attorney alleging he has Constitutional and Congressional authority to represent the Appellee, the UNITED STATES OF AMERICA, filed a response, even though his **inferred** authority had been challenged, with evidence, by me (See NOTICE AND DEMAND FOR VERIFICATION OF ATTORNEY MARK S. DETERMAN'S JUDICIAL OFFICER STATUS - Ex. A - Docket Sheet - December 26, 2012).

1.

4. In Mr. Determan's "response", his only "rebuttal" stated that "DEFENDANT KAHN WAS NOT DENIED HIS SIXTH AMENDMENT RIGHT TO COUNSEL" (See Appellee's Brief at page 60).

5. Mr. Determan did <u>not</u> address or rebut any of the other Constitutional and jurisdictional issues that were raised, thereby <u>admitting</u> that there is no controversy regarding those matters.

6. Specifically, F.R.Civ.P. 8(b) states, in pertinent part: "**Defenses; Form of Denials**. A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. "Denials hall fairly meet the substance of the averments denied."

Rule 8(d) states: "Effect of Failure to Deny - Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damages, <u>are</u> <u>admitted</u> <u>when</u> <u>not</u> <u>denied</u> in the responsive pleading" (underlining added).

7. The applicable Maxim of Law is "Silence is consent".

### UNREBUTTED ALLEGATIONS

8. Mr. Determan admitted that the Appellee had no Article III standing to come into federal court as it claimed no injury and, therefore, there was no case or controversy for the Court to decide. Mr. Determan admitted that, without Article III standing, the court had no subject matter jurisdiction (See IV. LACK OF STANDING).

9. Mr. Determan admitted that the Appellee never stated, under oath or otherwise, that the Defendant and I were the same entity. Mr. Determan admitted that, absent a judicial determination by the judge that the Defendant and I were the same entity, the Court never had Personam jurisdiction (See V. POSITIVE IDENTIFICATION OF DEFENDANT).

10. Mr. Determan admitted that the District Court had no subject matter jurisdiction as the prosecutors never filed a jurisdictional statement on the Record identifying what Act of Congress gave the Court the authority to hear the "case". Mr. Determan admitted that action was <u>essential</u>, as federal courts are courts of <u>limited</u> jurisdiction. Consequently, the Plaintiff is <u>required</u> to show, on the Record, what Act of Congress authorized the court to hear the case.

Mr. Determan admitted that the judges and prosecutors both stated, on the Record, that the Defendant had <u>not</u> been charged with violating any Act of Congress. Mr. Determan admitted that the judges and prosecutors violated the <u>Non Detention Act of 1971</u>, which states that the Defendant can not be imprisoned except pursuant to a violation of an Act of Congress. Mr. Determan admits that, absent a violation of an Act of Congress, the Court had no subject matter jurisdiction (See VI. NO SUBJECT MATTER JURISDICTION).

11. Mr. Determan admits that the prosecutors violated the <u>Act of 1801</u>, which requires <u>specific wording</u> on all Indictments initiated in Washington, D.C. to be valid. Mr. Determan admits that particular wording was <u>not</u> on the Indictment in Case No. 08-CR-271, making the Indictment invalid on it's face. Mr. Determan admits that the Act of 1801 mandates that the <u>United States</u>, not the <u>UNITED STATES OF AMERICA,</u> be the Plaintiff in <u>all</u> Washington, D.C. Indictments. Mr. Determan admits that the United States would have been the Proper Party Plaintiff and the UNITED STATES OF AMERICA <u>is</u> an Improper Party Plaintiff, making the Indictment invalid on it's face, and the Indictment void ab initio (See VII. ACT OF 1801).

12. Mr. Determan admitted that there was no Act of Congress that authorized the prosecutors to represent the UNITED STATES OF AMERICA. Mr. Determan agrees that the prosecutors are <u>Executive</u> branch employees and that there is no Act of Congress authorizing an <u>Executive branch employee</u> to represent either the UNITED STATES OF AMERICA or the United States in federal or state court (See IX. PROSECUTORS NOT LAWFULLY AUTHORIZED TO REPRESENT APPELLEE).

13. Mr. Determan admits that the Plaintiff/Appellee was an Improper Party Plaintiff as the UNITED STATES OF AMERICA is <u>not</u> the <u>government</u>; It is simply the name of the country. As such, it has no capacity to sue or be sued. Mr. Determan admits that the prosecutors committed Fraud by alleging the UNITED STATES OF AMERICA was a Proper Party Plaintiff. Mr. Determan admits that an Improper Party Plaintiff voids the Indictment, and thus denying the Court subject matter jurisdiction (See X. IMPROPER PARTY PLAINTIFF).

14. Mr. Determan admits that the prosecutors never had anyone testify or submit any evidence to confirm their presumption that the Defendant and I were the same entity in Case no. 08-CR-271. Mr. Determan admits that, without a judicial determination that the Defendant and I were the same entity, the Court never had Personam jurisdiction (See XI. IMPROPER PARTY DEFENDANT).

15. Mr. Determan admits that both judges and prosecutors violated the Separation of Powers Doctrine as they are <u>all</u> <u>Executive</u> branch employees pretending to be <u>Judicial</u> branch employees whose offices were created by Sections <u>8</u> and <u>35</u> of the Judiciary Act of 1789, respectively. Mr. Determan admits that the judges and prosecutors offices in Case No. 08-CR-271 were <u>not</u> created by Sections <u>8</u> and <u>35</u> of the <u>Judiciary Act of 1789</u> (See XII. VIOLATION OF SEPARATION OF POWERS DOCTRINE, thereby denying the Court subject matter jurisdiction).

16. Mr. Determan admits that Judge Lamberth violated my Right to Due Process of Law when I stated on the Record that I wanted to challenge the Charges as being unconstitutional and Judge Lamberth denied me the opportunity when he had no lawfull authority to do so, again depriving the Court of subject matter jurisdiction ((See XIII. CERTIFICATION OF CHARGES AS CONSTITUTIONAL).

17. Mr. Determan admits that the Defendant was charged with the "Offense" of violating 18 USC 1341 and 18 USC 371. Mr. Determan admits that neither one of the aforementioned U.S. Code sections are Acts of Congress, but rather are <u>revisions</u> <u>and</u> <u>restatements</u> of <u>unrepealed</u> Acts of Congress. Mr. Determan admits that the term "Offense" is defined in the <u>Speedy Trial Act</u> as "A criminal violation...of an Act of Congress".

Mr. Determan admits that the defendant was not charged with violating any Act of Congress and, therefore, has committed no triable "Offense".

Mr. Determan admits that the unrepealed **Act to revise, consolidate and amend the statutes relating to the Post Office Department (1872),** and the **Act to codify, revise and amend the penal laws of the United States (1909)** are the actual Acts of Congress from which 18 USC 1341 and 18 USC 371 were derived. Mr. Determan also admits that the <u>maximum</u> penalty that can be imposed for a violation of the <u>Mail Fraud Act (Sec. 294)</u> is <u>10 years in prison and a $1,000 fine</u>. Mr. Determan admits that Judge Lamberth gave the Defendant <u>20 years and a $25,000 fine</u>. Mr. Determan admits that the unrepealed Act of Congress which 18 USC 371 was derived from, specifically Section 37 of the Act, states that the <u>maximum</u> penalty that can be imposed is <u>2 years in prison and a $10,000 fine</u>. Mr. Determan admits that Judge Lamberth sentenced the Defendant to <u>5 years in prison</u> for the alleged "offense". Mr. Determan admits that both Sentences <u>exceeded</u> the maximum penalties provided by the Acts of Congress. Mr. Determan admits that Judge Lamberth gave the Defendant an illegal Sentence. (See XIV. 18 USC 1341 & 371 DID NOT AMEND OR REPEAL THE ACTS OF CONGRESS THEY WERE DERIVED FROM). (No subject matter jurisdiction).

18. Mr. Determan admitted that I had done my due diligence via the Freedom of Information Act and the Privacy Act (FOIA/PA), to determine whether or not there actually was an Act of Congress that the Defendant was convicted of violating. Mr. Determan admits that the Department of Justice was unable to produce any document that would identify an Act of Congress that the Defendant violated. Mr. Determan admits that the Defendant was not charged with a violation of any Act of Congress and was, therefore, not charged with a lawful criminal offense. (See XV. FREEDOM OF INFORMATION ACT/PRIVACY ACT). (No subject matter jurisdiction).

19. Mr. Determan admits that both Judge Kennedy and Judge Lamberth illegally gave the Defendant "Forma Pauperis" status.

Mr. Determan admits that the Defendant must be asked a series of financial questions <u>first</u> so the judge can make a determination that the Defendant does qualify for a free attorney and free transcripts, among other things. Mr. Determan admits that neither judge Kennedy or Judge Lamberth asked <u>any financial questions</u> on the Record to determine if the Defendant qualified for that status.

Mr. Determan admits that both judges violated the Criminal Justice Act and the False Claims Act by not asking those questions and yet provided free transcripts and free attorney to the Defendant. Mr. Determan admits that the judges gave the Defendant that status <u>solely</u> for the purpose of obtaining Personam jurisdiction over the Defendant and <u>not</u> to assist the Defendant. Mr. Determan also admits that, by giving the Defendant Forma Pauperis status illegally, the judges violated the Defendant's Right to due process of law, the Right to Counsel of his choice, violated the Criminal Justice Act and violated their Oaths of Office to uphold the Constitution. (See XVI. ILLEGAL PORMA PAUPERIS STATUS). (No subject matter jurisdiction).

20. Mr. Determan admits that attorney Pleasant Brodnax, III, was hired by Judge Kennedy without my knowledge and consent and <u>forced</u> on me as Counsel of Record at the Arraignment. Mr. Determan admits that action was a violation of <u>Section 35</u> of the Judiciary Act of 1789, which states that anyone has the Right to manage his own cause personally, with Counsel <u>or</u> an attorney. Mr. Determan admits that the U.S. Supreme Court has reiterated that fact in numerous cases including, but not limited to, <u>Powell v. Alabama, Johnson v. Zerbst</u> and <u>U.S. v. Gonzalez-Lopez.</u> Mr. Determan admits that when Mr. Brodnax was forced on me, that deprived the District Court of Subject Matter jurisdiction. (See XVII. I WAS DENIED COUNSEL OF MY CHOICE).

21. Mr. Determan admits that there is no Act of Congress that gave the Department of Justice/Federal Bureau of Investigation, (DOJ/FBI), any "police power" to investigate crimes, arrest

people and carry guns. Mr. Determan also admits the Department of Treasury/Internal Revenue Service, (IRS), has not been given any "police powers" to investigate crimes, arrest people and carry guns by any Act of Congress. Mr. Determan admits that, because FBI and IRS agents were the only ones who investigated the alleged "crimes", gathered evidence, carried guns and arrested people and testified at the Grand Jury Hearing as well as at Trial without any Act of Congress that authorized them to do so, that all of their "evidence" and "testimony" was inadmissable and made a judgement void as a matter of law. Mr. Determan admits that the prosecutors simply had no <u>valid</u> evidence or testimony with which to prosecute. Mr. Determan admits that, because there was no valid evidence or testimony given to the Grand Jury, the Indictment was void and, consequently, the Court never had Subject Matter jurisdiction. (See XVIII. NO INVESTIGATIVE POLICE POWERS).

22. Mr. Determan admits that I have established, with <u>unrebutted</u> affidavits and evidence, that the judges, prosecutors, marshals, Clerk of the Court, FBI and IRS agents involved in the instant case are <u>all</u> eligible for the Executive branch "Cash Awards" program. Mr. Determan admits that they are all eligible for up to <u>$25,000</u> in <u>cash</u> from their Agency <u>and</u> they are also eligible for an additional <u>$25,000</u> from the President himself <u>IF</u> they have a "<u>superior accomplishment</u>". Mr. Determan admits that, in this instance, a "superior accomplishment", for all concerned, would be getting a conviction. Mr. Determan admits that both he and Rogers, Griffith and Kavanaugh are eligible for the Cash Awards program and could stand to gain financially if they can sustain the lower court's judgement. Mr. Determan admits that the "Cash Awards program is nothing more than a thinly veiled attempt to <u>bribe</u> government employees into giving up their integrity for money.

23. Mr. Determan admits that David Sentelle, Chief Judge of the D.C. Court of Appeals for the D.C. Circuit, has signed a Standard Form 61 Appointment Affidavit and, by doing so, took a <u>U.S. Civil Service Commission</u> when he accepted the position of <u>U.S. Circuit Court Judge</u> in 1987. That commission verifys that he is an <u>Executive</u> branch employee, <u>not</u> a <u>Judicial</u> branch employee. Mr. Determan admits that <u>Rogers, Griffith and Kavanaugh,</u> the three judges assigned to adjudicate this Appeal are Executive branch employees as well, as an <u>Executive</u> branch employee cannot supervise Judicial branch employees as that would be a violation of the Separation of Powers Doctrine. Mr. Determan admits that the three aforementioned judges are "de facto judges" with no Article III "judicial power". Mr. Determan also admits that Judges Kennedy and Lamberth are also "de facto judges" with no Article III "judicial power". Mr. Determan admits that the judgment handed down by Judge Lamberth was void and of no effect as Judge Lamberth had no Act of Congress that authorized him to make such a judgment (See XII. VIOLATION OF SEPARATION OF POWERS DOCTRINE).

24. Mr. Determan admits that judges <u>Rogers, Griffith and Kavanaugh</u> as well as himself, are <u>all</u> eligible for up to <u>$50,000</u> in cash <u>IF</u> they rule in favor of the Appellee. Mr. Determan admits that this fact has not been disclosed to Eddie Ray: Kahn by the judges or himself. Mr. Determan admits that <u>all</u> of the aforementioned parties have an <u>undisclosed financial conflict of interest</u> in the original case and this Appeal. Mr. Determan admits that, since they did not/have not and will not disclose their financial interest, the case is void and should be stricken from the Record (See XIX. FINANCIAL CONFLICT OF INTEREST).

REBUTTED ALLEGATION

25. The <u>only</u> allegation that Mr. Determan disputed was on <u>page 60</u> of his Response Brief (See VIII. DEFENDANT KAHN WAS NOT DENIED HIS SIXTH AMENDMENT RIGHT TO COUNSEL).

26. As you can see, Mr. Determan starts his argument with "Defendant Kahn represented himself...". Obviously, Mr. Determan is <u>inferring</u> that I am "DEFENDANT KAHN" even though I had always denied, during almost <u>two years</u> of Status Conference Hearings, that the Defendant and I were the same entity and neither Judge Kennedy or Judge Lamberth ever made a judicial determination to the effect that we were because...the prosecutors never gave them any evidence with which to make that determination! It was the <u>obligation</u> of the prosecutors to <u>prove</u> that we were the same entity <u>prior to the Arraignment</u>, correct? The fact that the prosecutors <u>never</u> even tried to do it deprived the Court of Personam Jurisdiction, thereby making the case null and void ab initio.

27. Although I did state on the Record that I was trying to hire a licensed attorney (which I was never able to find), I also stated very clearly on the Record that I was <u>not</u> trying to hire Counsel to fight the Charges, but rather to assist me in <u>forcing</u> the prosecutors to prove that the Defendant and I were the same entity.

28. More specifically, in the December 1, 2008 Status Conference, I stated on the Record (See the transcript - lines 14 through 20) "Well, I am not asking the Court to do anything. As i said, I don't believe I am a defendant in this case. So I'm just explaining to you that I'm trying to get counsel just so he can help me get this matter resolved, that I'm not a defendant in this case, that's what I'm trying to get counsel for. It has nothing to do with what Mr. McLellan and friends are trying to do" (See Ex. B).

29. The mere fact that Judge Kennedy and Judge Lamberth <u>allowed</u> the prosecutors to continue this charade for almost <u>two years</u>, and actively participated in it, proves that they had no intentions of being either <u>fair</u> or <u>impartial</u>, as a fair and impartial <u>Article III judge</u> would have sanctioned the prosecutors for not being able to prove that the Defendant and I were the same entity. Absent that essential proof on the Record, the judge would have summarily stricken the case from the Record and sanctioned the prosecutors for filing a fraudulent case.

30. Mr. Determan is trying to do the same thing the prosecutors did, namely <u>infer, assume and presume</u> that the Defendant and i were the same entity without any evidence of that presumption on the Record. For such foul play, Mr. Determan should be sanctioned as well.

31. <u>Question</u>: Whether I was trying to hire a licensed attorney would be irrelevant if I was not the Defendant, correct?

32. Lastly, Mr. Determan stated, <u>in the footnotes</u> **"The other complaints raised in defendant Kahn's pro se brief are replete with baseless tax-defier rhetoric and are patently frivolous"**.

33. I can certainly understand his reluctance to address any of the aforementioned complaints that I raised, as he has no valid rebuttal for any of them.

34. However, as you can see, none of the complaints have <u>anything</u> to do with taxes at all, but are all Constitutional and jurisdictional allegations that the U.S. Supreme Court has said many times must be rebutted and proven. Since Mr. Determan cannot disprove my allegations, I can certainly understand his panicky attempt to keep from having to rebut them.

35. His sneaky attempt to get around his obligation to rebut the complaints in my Appeal by using the <u>footnotes</u> is unique, to say the least. However, footnotes have no bearing in the compaints or the response to them. The definition of footnote is, interestingly enough, not defined in Black's 8th or 9th Edition, but it is defined in Webster's Third New International Dictionary (2002). The definition is " **A note of reference, explanation or comment placed below the text on a printed page**". Based on that definition, footnotes are obviously <u>not</u> a part of the argument and re irrelevant.

As the U.S. Supreme Court has stated in hundreds of cases, because subject matter jurisdiction and Article III standing ensure that federal courts do not exceed their constitutional authority, they cannot be forfeited or waived. See <u>Ins. Corp. of Ireland</u>, 456 US at 702 (subject matter jurisdiction); <u>Hays</u>, 515 U.S. at 742 (standing). Thus, a party may challenge a court's subject matter jurisdiction or a plaintiff's Article III standing anytime after the filing of the Complaint up through an appeal to the Supreme Court. See, e.g., <u>Ins. Corp. of Ireland</u>, 456 U.S. at 702 (subject matter jurisdiction); <u>Nat'l Org. for Women, Inc. v.</u>

Scheidler, 510 U.S. 249, 255 (1994) (standing). Indeed, it does not matter whether the parties raise a jurisdictional challenge, for the courts are obligated to "police" the existence of subject matter jurisdiction and Article III standing on their own initiative. Ruhrgas, 526 U.S. at 583 (subject matter jurisdiction); DaimlerChrysler, 126 S.Ct at 1860 (standing).

## CONCLUSION

Mr. Determan has not rebutted any of the Constitutional and jurisdictional complaints that I raised, nor has he rebutted my affidavits. According to Rule 8(b) and (d), he has admitted to all of them. Based on Mr. Determan's admissions, it is the duty of Rogers, Griffith and Kavanaugh to vacate the Charges and strike the "case" from the Record as it was void ab initio.

*(handwritten: "USA's Motion for Extension")*



Ex. A

---

If you view the ___Full Docket___ you will be charged for 13 Pages $1.30

## General Docket
### United States Court of Appeals for District of Columbia Circuit

**Court of Appeals Docket #:** 10-3088      **Docketed:** 09/09/2010
USA v. Eddie Kahn
**Appeal From:** United States District Court for the District of Columbia
**Fee Status:** IFP

**Case Type Information:**
1) Criminal
2) Conviction and Sentence
3)

**Originating Court Information:**
**District:** 0090-1 : 1:08-cr-00271-RCL-1      **Lead:** 1:08-cr-00271-RCL
**Court Reporter:** Bowles Reporting Services, Court Reporter
**Court Reporter:** Lisa Griffith
**Court Reporter:** Catalina Kerr, Court Reporter
**Court Reporter:** Annie Shaw
**Court Reporter:** Theresa Sorensen
**Court Reporter:** Rachel Rebecca Stonestreet
**Court Reporter:** Bryan Wayne
**Trial Judge:** Royce C. Lamberth, U.S. District Judge
**Date Filed:** 09/03/2008
**Date Order/Judgment:**      **Date NOA Filed:**
08/30/2010      08/30/2010

| | |
|---|---|
| 10/19/2012 | MODIFIED EVENT FROM FILED TO LODGED--*AMENDED* APPELLANT BRIEF [1400670] filed by Stephen C. Hunter in 10-3085, Allan J. Tanguay in 10-3086, Danny True in 10-3087 [Service Date: 10/19/2012 ] Length of Brief: 24,531 Words. [10-3085, 10-3086, 10-3087]--[Edited 10/23/2012 by LMF] (Hannon, Joseph) |
| 10/22/2012 | APPELLANT BRIEF [1401444] filed by Eddie Ray Kahn in 10-3088 [Service Date: 10/24/2012 ] [10-3088, 10-3085, 10-3086, 10-3087] |
| 10/22/2012 | APPENDIX [1401446] filed [Volumes: 1] [Service Date: 10/24/2012 ] [10-3088, 10-3085, 10-3086, 10-3087] |
| 10/29/2012 | CLERK'S ORDER filed [1402071] granting motion for leave to file [1400663-3] in 10-3085, 10-3086, 10-3087; the Clerk is directed to file amended Appellant/Petitioner brief [1400670-2] in 10-3085, 10-3086, 10-3087 [10-3085, 10-3086, 10-3087, 10-3088] |
| 10/29/2012 | PER ABOVE ORDER lodged Appellant/Petitioner brief [1400670-2] is filed [10-3085, 10-3086, 10-3087, 10-3088] |
| 11/05/2012 | MOTION filed [1403847] by Eddie Ray Kahn styled as "second notice and demand for verification of Judge's Rogers, Griffith and Kavanaugh's article III status.. (Response to Motion served by mail due on 11/16/2012) [Service Date: 11/02/2012 by US Mail] Pages: 1-10. [10-3088] |
| 12/26/2012 | NOTICE FILED [1412609] by Eddie Ray Kahn styled as "notice and demand for verification of attorney judicial officer status".. [Service Date: 12/20/2012 ] [10-3088] |

USCA Case #10-3088    Document #1434901            Filed: 05/06/2013      Page 13 of 15
Case 1:08-cr-00271-RCL   Document 114    Filed 05/14/09   Page 5 of 13

5

1   effectiveness, and their qualifications, and he said he would
2   be happy to reply to it if I just paid him $350 an hour to do
3   it. So I took that as arrogance, and I would not have somebody
4   like that. So that's what I have had to date.
5          And I'm not going to accept just anyone as counsel.
6   My family and friends are going to pay a lot of money for them
7   whoever it is, and I want a good one. That's why I put out my
8   questionnaire with it.
9          THE COURT: So the answer to the question is that you
10  have not retained an attorney at this point?
11         THE DEFENDANT: Yes.
12         THE COURT: With respect to the matter of obtaining an
13  attorney, what is it that you would ask the Court to do?
14         THE DEFENDANT: Well, I'm not asking the Court to do
15  anything. As I said, I don't believe I'm a defendant in this
16  case. So I'm just explaining to you that I'm trying to get
17  counsel just so that he can help me get this matter resolved,
18  that I'm not a defendant in this case, that's what I'm trying
19  to get a counsel for. It has nothing to do with what
20  Mr. McLellan and friends are trying to do.
21         THE COURT: Mr. Kahn, am I correct in my understanding
22  that within the past couple of years that you were found guilty
23  of having broken the laws of the United States?
24         THE DEFENDANT: Well, I can't answer any of those
25  questions until I have counsel to advise me.

Ex. B

Respectfully Submitted

Date: 5-2-13

_____

Eddie Ray: Kahn
P.O. Box 630
Winton, North Carolina 27986

CERTIFICATE OF SERVICE

I, Michael Matthew Monzel, do hereby certify that I have placed in the Rivers Correctional Institution's Inmate Mail box to be sent by United States Certified Mail, a copy of the REPLY BRIEF AND MOTION TO VACATE JUDGEMENT in Case No. 10-3088 on this 3rd day of May, 2013, addressed to Mr. Mark Determan, Department of Justice, Post Office Box 502, Washington, D.C. 20044.

Michael Matthew Monzel
P.O. Box 630
Winton, North Carolina
27986

Certified Mail No. 7007 1490 0003 2044 9297